U.S District Court
Western District Court 09 CV-0451 A(4)
Civil Rights Act · 42 U.S.C § 1983
Prisoner's Complaint Form

UNITED STATES DISTRICT COURT
FILED
MAY 1 1 2009
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

1. Caption of Action

A. Shawn Woodward 00A6563 · Plaintiff

vs.

B. Correctional Officer Mann
2. Correctional Officer Rogacki
3. Deputy Superintendent of Security
   T. Sticht
4. Correctional Sergeant Lewalski
5. Correctional Officer Camp
6. Correctional Officer Hojan
7. Correctional Officer Scissum
8. Correctional Chaplin Hassan

9. Correctional Captin Kearney
10. Correctional Counselor
    M. Szemplenski
11. Correctional Lieutenant
    S. Fallon
12. Correctional Officer Hunt
13. Correctional Teacher P.
    Bordinaro
14. Correctional Sergeant · I/m
    Claim Property Investigator
15. Correctional Superintendent
    R. Kirkpatrick

2. Statement of Jurisdiction

This is a civil action seeking relief and damages to defend
and protect the rights guaranteed by the Constitution of the
United States. This action is brought pursuant to 42 U.S.C § 1983
The Court has jurisdiction over the action pursuant to 28
U.S.C §§ 1331 (3) and 2201.

## 3. Parties to this Action

A. Shawn Woodward 00A6563. Plaintiff
   Wende Correctional Facility· P.O. Box 1187
   Alden, New York · 14004

B. Defendant's Information

1. Man
Correctional Officer
Defendant is Sued in His Individual and Official Capacity
Wende Correctional Facility· P.O. Box 1187· Alden, N.Y. 14004

2. Rogacki
Correctional Officer
Defendant is Sued in His Individual and Official Capacity
Wende Correctional Facility· P.O. Box 1187· Alden, N.Y. 14004

3. T. Sticht
Correctional Deputy Superintendent of Security
Defendant is Sued in His Individual and Official Capacity
Wende Correctional Facility· P.O. Box 1187· Alden, N.Y. 14004

4. Lewalski
Correctional Sergeant
Defendant is Sued in His Individual and Official Capacity
Wende Correctional Facility· P.O. Box 1187· Alden, N.Y. 14004

5 Camp
    Correctional Officer
    Defendant is Sued in His Official and Individual Capacity
    Wende Correctional Facility: P.O. Box 1187. Alden, N.Y. 14004

6 Hojan
    Correctional Officer
    Defendant is Sued in His Official and Individual Capacity
    Wende Correctional Facility: P.O. Box 1187. Alden, N.Y. 14004

7. Scissum
    Correctional Officer
    Defendant is Sued in His Official and Individual Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

8. S. Fallon
    Correctional Lieutenant
    Defendant is Sued in His Official and Individual Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

9. Hassan
    Correctional Muslim Chaplin
    Defendant is Sued in His Official and Individual Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

10 Hunt
    Correctional Officer
    Defendant is Sued in His Official and Individual Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

11. Kearney
    Correctional Captin
    Defendant is Sued in His Individual and Official Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

12. M. Szemplenski
    Correctional Counselor
    Defendant is Sued in His Individual and Official Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

13. P. Boedinaro
    Correctional Teacher
    Defendant is Sued in His Individual and Official Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

14. I/M Property Claim Investigator
    Correctional Sergeant
    Defendant is Sued in His Individual and Official Capacity
    Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

**15.** R. Kirkpatrick
Correctional Superintendent of Wende Corr. Fac.
Defendant is Sued in His Official and Individual Capacity
Wende Correctional Facility. P.O. Box 1187. Alden, N.Y. 14004

4. Previous Lawsuit in Federal/State Court

A) No lawsuit has been filed in Federal or State Court dealing with
the same facts of this lawsuit.

B) Other lawsuits filed in Federal Court:

i) Woodward v. Beam, Willis, Bartosh, Muchogresso, Friot, Whitten,
Zelko, D. Wolfe and Porcobello

ii) Western District Court. Docket # 07-CV-0645

iii) District Judge Richard J. Arcara
Magistrate Judge Jeremiah J. McCarthy

iv) October of 2007 (Date Filed)

v) Disposition: Settled and Dismissed

— also —

i) Woodward v. Mullah, Riccione, Burridge, Post,
Monin, Conway and Bezio

II.) Western District Court of N.Y.S

III.) Docket # 08-CV-0463

IV.) District Judge: Richard J. Arcara

V.) June of 2008 (Date Filed)

VI.) Disposition of Case: Still Pending

First Claim: On December 15th, 2008 I was moved from B-7-1 top - housing location - to B-8-1 top - housing location - due to the exercise of freedom of speech by defendant Correctional Officer ("CO") Mann. Housing/Cell location B-8-1 top was infested with roaches, living in the wall light, in the cell T.V, in the cell locker and living in the bedframe. Plaintiff, while in this cell had to sleep with the light on, each night while in this cell.

2.) The Constitutional basis for this claim under 42 U.S.C § 1983 is: First Amendment Violation by Retaliation for exercising my Freedom of Speech. Eighth Amendment Violation by Cruel and Unusual Punishment. Fourteenth Amendment Violation by Failing to provide equal protection

3. The relief I am seeking for this claim is: compensatory damages in the amount of $10,000.00 and punitive damages

in the amount of $10,000.00.

4. Exhaustion of Administrative Remedies for this Claim.

Did you grieve or appeal this claim? ✓ Yes.

Second Claim: On December 17th, 2008, plaintiff was harassed by way of retaliation by being put in for a urinalysis by defendant Deputy Superintendent of Sercurity ("DSS") T. Sticht. While submitting to this urinalysis test my cell, B-8-1 top was being searched by Correctional Officer ("CO") Rogacki. Baby oil was poured on my personal property and legal documents were destroyed. (Ex. B. Contraband Receipt)

2. The Constitutional basis for this claim under 42 U.S.C § 1983 is: First Amendment Violation by Retaliation for Exercising my Freedom of Speech: Conspiracy to Retaliate

3. The relief I am seeking for this claim is: compensatory damages in the amount of $10,000.00 and punitive damages in the amount of $10,000.00.

4. Exhaustion of Administrative Remedies for this Claim:

Did you grieve or appeal this claim? ✓ Yes. To D.O.C.S highest level possible. (see grievance # 30053-09)

Third Claim: On January 1st, 2009 I was taken into the messhall's hallway and put on the wall for a patfrisk. By defendants Correctional Officers ("C.O.") Camp, Hojan and Scissum. Defendant Correctional Sergeant ("Sgt") Lewalski - who came from the inmate's visitor area - pulled one of the officers to the side, wisphered something to him and then grabbed plaintiff by the neck, choked him and punched plain- tiff in the back of the head. Sgt. Lewalski then told plaintiff that if he told anyone, he was going to the box (i.e Special Housing Unit) and would get a beatdown. Plaintiff was then taken to his cell and placed on Keeplock status. (Exhibit·B "Tier Assistance · Response #1").

2. The Constitutional basis for this claim under 42 U.S.C § 1983 is: First Amendment Violation by Conspirer- ing to Retaliate for the Exercise of Freedom of Speech. Eighth Amendment Violation by inflicting Cruel and Unusual Punishment.

3. The relief I am seeking for this claim is: Compensatory damages in the amount of $70,000.00 and Punitive dam- ages in the amount of $70,000.00 against all defendants in this claim.

4. Exhaustion of Administrative Remedies for this Claim:

Did you grieve or appeal this claim? ✓ Yes · To D.O.C.S highest level (see grievance # 30047-09)

Fourth Claim: In between January 8th, 2009 and January 10th, 2009. Defendants Chaplin Hassan, Captin Kearney and Lieutenant ("Lt") S. Fallon. Retaliated against plaintiff for the filing of numerous grievances by the following:

2) On January 8th, 2009 I received a memo from defendant Correctional Counselor ("CC") M. Szemplenski (Exhibit. C) advising me that I was removed from the messhall and then on February 9 I was sent another memo from CC M. Szemplenski advising me that I was removed from the messhall on January 11th, 2009 per Captin Kearney.

3) On January 10th, 2009 (approximately 10 days of plaintiff already being on Keeplock status. See Exhibit-D "Keeplock Law Library Requestes") Lt. S. Fallon came to interview me for grievance # 30047-09 (prison officials of claim three) after I explained to him what had took place, approximately 2 hours later he filed a "Involuntary Protective Custody Recommendation" dated "1-10-09. Time 8:30 p.m" (See Exhibit E. IPC Recommendation Report)

4) After I filed grievance # 30194-09 concerning these violations, I was informed by I.G.R.C - even though this grievance should have been sent straight to the Superintendent pursuant to Directive 4040 § 701.5 (c)(2) - that I had been removed from the messhall

due to "...his aggressive homosexual behavior..." (Exhibit-F (front and back). Grievance # 30194-09, but by word of mouth I was informed that Chaplin Hassan conveyed this "messhall problem" to Captin Heaeney and from there Lt. S. Fallon made his way into this affair.

5.) The Constitutional basis for this claim under 42 U.S.C § 1983 is: First Amendment Violation by Conspireeing with defendants to Retaliate for the Exercise of Freedom of Speech. Fourteenth Amendment violation by failing to provide equal protection and due process.

6.) The relief I am seeking for this claim is: $20,000.00 in compensatory damages and $20,000.00 in punitive damages against all defendants in this claim.

7.) Exhaustion of Administrative Remedies for this claim:

A) Plaintiff was released from I.P.C on January 23rd, 2009, but plaintiff did grieve this claim and appeal to D.O.C.S highest level (See grievance # 30087-09, 30194-09 and 30436-09).

Fifth Claim: On January 12th, 2009 at approximately 6:45 pm I was taken from my cell (i.e C-14-15 cell) to E-Block (i.e E-26-6 cell) which houses I.P.C and P.C inmates by defendant Correctional officer Hunt of C-Block, 3 pm to 11 p.m shift (at that time)

and a Inmate Claim for Lost/Stolen Property was filed and exhausted to DOCS highest level (See Claim # 430-156-08)

Sixth Claim: Between January 13th,2009 and January 16th,2009 defendant Correctional Teacher P. Bordinaro was to assist Plaintiff in his preperation of defense for plaintiff's I.P.C Hearing, which would determind if plaintiff should be Kept in I.P.C or to be re-leabed. Plaintiff requested that P. Bordinaro, gather (a) a copy of program history and (b) a copy of disciplinary history. These request were non-disruptive and did not pose any threat to the sercurity of the facility. P. Bordinaro responded to these two request with: "Obtained FOIL Request through IRC".

2) The Constitutional basis for this claim under 42 U.S.C § 1983 is: First Amendment Violation by Conspireing with defendants to Retaliate for the Exercise of Freedom of Speech · Fourteenth Amendment Violation by failing to provide due process.

3) The relief I am seeking for claim is: compensatory damages in the amount of $ 10,000.00 and punitive damages in the amount of $ 10,000.00 against this defendant

4) Exhaustion of Administrative Remedies:

My personal property and other belongings were left in my cell (i.e C-14-B), but later and before C.O. Hunt brought my property to E-Block either he, himself or he allowed other(s) to steal approximately $137.00 worth of property, not counting what the missing food items were worth, along with the missing legal documents.

2) On March 31st, 2009 defendant Correctional Sergeant · Claim Investigator (name unknown) who investigated plaintiff's claim on lost property, through his investigation, decided that plaintiff's claim had no merit and thus denied plaintiff lost/stolen claim.

3) The Constitutional basis for this claim under 42 U.S.C § 1983 is: First Amendment violation by con-spiering with defendants to Retaliate for the Ex-ercise of Freedom of Speech · Fourteenth Amendment Violation by failing to provide equal protection and due process.

4) The relief I am seeking for this claim is: $20,000.00 in compensatory damages and $20,000.00 in punitive damages against defendants in this claim.

5) Exhaustion of Administrative Remedies:

This claim was grieved and appealed to DOCS highest level (see grievance # 30087-09)

This claim was not grieved or appeal because since I was released from I.P.C and let back into general population. There is no appeal and DOCS' Directive 4040 "Inmate Grievance Program" does not allow the grieving of this claim because it relates to "Disciplinary Hearings"

Seventh Claim: Defendant Correctional Superintendent KieiPatrick repeatedly failed to provide plaintiff with protection to prevent defendants in this § 1983 from violating my constitutional rights by either denying my grievance or ignoring my complaint of harassment and retaliation. Also he failed to properly supervise those subordinates under him, which provided a unsafe enviorment for plaintiff.

2.) The Constitutional basis for this claim under 42 U.S.C § 1983 is: First Amendment Violation by Conspireing with defendants to Retaliate against plaintiff for the exercise of Freedom of Speech. Fourteenth Amendment Violation by failing to provide equal protection

3.) The relief I am seeking for this claim is: $10,000.00 in compensatory damages and $10,000.00 in punitive damages

4.) Exhaustion of Administrative Remedies:

Did claim was not -specifically- grieved or

appealed because DOCS Directive 4040 provides no
provision to grieve a Superintendent, but every de-
cision of the Superintendent can be appealed to Cen-
tral Office Review Committee which I did for every
claim mention here in.

## Relief Sought

1.) Claim One: $10,000.00 in compensatory and $10,000.00
in punitive damages.

2.) Claim Two: $10,000.00 in compensatory and $10,000.00
in punitive damages.

3.) Claim Three: $70,000.00 in compensatory and $70,000.00
in punitive damages

4.) Claim Four: $20,000.00 in compensatory and $20,000.00
in punitive damages

5.) Claim Five: $20,000.00 in compensatory and $20,000.00
in punitive damages

6.) Claim Six: $10,000.00 in compensatory and $10,000.00
in punitive damages.

7.) Claim Seven: $10,000.00 in compensatory and $10,000.00
in punitive damages.

Do you want a jury trial? ✓ No

I declare under perjury that the foregoing is true and exact.

Executed On: May 7th, 2009

By: Sharon Woodward
Sharon Woodward
00A6563 • Pro Se
Wende Core. Fac.;
P.O. Box 1187
Alden, N.Y. 14004

FORM #2077

NEW YORK STATE - DEPARTMENT OF CORRECTIONAL SERVICES

**CONTRABAND RECEIPT**

DATE/TIME: 6/11/04

LOCATION: _____   CORRECTIONAL FACILITY

OFFICER CONDUCTING SEARCH

SIGNATURE: _____

PRINT NAME: ROGACKI   C.O.

INMATE NAME: _____   DIN# 00A 6363

☑ NO CONTRABAND FOUND

| ITEMS CONFISCATED | WHERE FOUND | COMMENTS |
|---|---|---|
| NCF | | |
| | | NSD |
| | | |
| | | |
| | | |

PERSON RECEIVING ITEMS

SIGNATURE: _____

DISPOSITION OF ITEMS LISTED

_____

PRINT NAME: _____

YOU MAY WRITE TO THE DEPUTY SUPERINTENDENT FOR SECURITY WITHIN 7 DAYS
OF THIS RECEIPT REGARDING THE CONFISCATION OR DISPOSITION OF THESE ITEMS.

Original - Inmate
Copy - D.S.S.

# EXHIBIT "B"

<u>TEIR ASSISTANCE</u>
**INMATE:** Woodward #006563
**STAFF ASSISTANT:** P. Bordinaro, Teacher IV

<u>REQUESTED DOCUMENTS</u>

1. B-Block Logbook from January 1, 2009 through January 6, 2009(where name is mentioned)

2. C-Block Logbook from January 6, 2009 through January 12, 2009(where name is mentioned)

3. Program History

4. Disciplinary History

5. Name of three (3) employee/officers who worked in Mess Hall on January 1, 2009 during the 3 P.M. to 11P.M., Supervisior/Sergant for this area.

<u>RESPONSE</u>

1. <u>Logbook B-Block pg. 39:</u> January 1, 2009, 3P.M. to 11P.M. shift, Woodward #006563 keep lock per investigation.

2. <u>Logbook C-Block pg. 25:</u> January 6, 2009, 10:55 A.M. Woodward #006563 came to C-Block (C-14-15). <u>Page 55</u> January 12, 2009, 7:15 P.M. - inmate Woodward #006563  moved from C-Block.

3. Obtained FOIL Request through IRC

4. Obtained FOIL Request through IRC

5. Staff Names – Mess Hall January 1, 2009, 3P.M. to 11P.M. shift

        SGT. Lewalski

        C.O. Camp

        C.O. Hojan

        C.O. Scissum

Received: _____  Date: _____
                    Inmate Signature

# EXHIBIT C

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES

## MEMORANDUM

TO:      SHAWN WOODWARD      DIN:   00-A-6563      CELL:  C 14-15

FROM:    PROGRAM COMMITTEE

DATE:    January 8, 2009

SUBJECT:  YOUR PROGRAM ASSIGNMENT


EFFECTIVE:      MONDAY, JANUARY 12, 2009

YOUR PROGRAM ASSIGNMENTS ARE AS FOLLOWS:

A.M.      UNASSIGNED

P.M.      HALL SQUAD

EVE



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES
## WENDE CORRECTIONAL FACILITY
WENDE ROAD, P.O. BOX 1187
ALDEN, NEW YORK   14004-1187
716 937-4000

**BRIAN FISCHER**
COMMISSIONER

**ROBERT A. KIRKPATRICK**
SUPERINTENDENT

# M E M O R A N D U M

TO:        **Shawn Woodward, 00A6563        C-15-22S**

FROM:    **Michael Szemplenski, SCC**         

SUBJECT: **Mess Hall Job**

DATE:     **February 9, 2009**

On behalf of Karen Crowely, DSP, I am answering a letter you sent her
dated 1/30/09.

On 1/11/09, you were removed from your mess hall assignment per Captain
Kearney, for security reasons.  At times, the facility must make decisions which will
help to keep all inmates safe and ensure the smooth running of programs.

CC:  DSP
     File

# EXHIBIT "D"

1-1-08

Shawn Woodward 00A6563
B-8-1top

Law Library,

RE: Keeplock Request

Dear Sir/Ma'am,

The above person request the following:

1) Notary Services

Placed on Notary
1/3/09

JAN 0 3 2009

By: Sh Woodl
Shawn Woodward

1-5-09

Shawn Woodward
00A6563 · B-8-1top

Law Library

RE: Keeplock Request

The above person request the following:
4th in one inventory

1.) Kelly v. City of San Jose, 114 FRD 653
2.) King v. Condé, 121 FRD 180
3.) Gesicki v. Oswald, 336 F.Supp 371
4.) Fox v. Coughlin 893 F.2d 475

JAN 0 5 2009

By: Shawn Woodward
Shawn Woodward

January 8, 2009

Shawn Woodward 00A6563
C-14-15

Law Library

JAN 0 8 2009

RE: Keeplock Request

The above inmate request the following:

1.) Fox v. Coughlin 893 F.2d 475
2.) Ramez v. Kerby 936 F.2d 1102
3.) A writting pen Just got one- (1/6/09
4.) White envelopes

By: Sh Woodw
Shawn Woodward

Case 1:09-cv-00451-RJA-JJM   Document 1   Filed 05/11/09   Page 26 of 33

January 8th, 2009

Shawn Woodward 00A6563
C-14-15

Law Library                                        JAN 0 9 2009

RE: Keeplock Request

The above person request the following:

1) One manilla brown envelope for mailing legal documents
2) Address to Post Office in Alden, N.Y. (OR Closes city)
3) White envelopes
4) Writting Pen
5) Keeplock Law Library Request Forms

POST MASTER                          CENTRAL PARK STATION
BUFFALO MAIN POST OFFICE             POST OFFICE
ROOM 200                             170 MANHATTAN AVE
1200 WILLIAM STREET                  BUFFALO, NEW YORK   14215
BUFFALO, NEW YORK   14240

                                     By: Shawn Woodward
                                         Shawn Woodward

Shawn Woodward
00A6563  C-14-15

RECEIVED
JAN 9 2009
By

Law Library

RE: Keeplock Request

Please provide the above inmate with the following:

1) Graham v. Baughman 772 F.2d 441
2) Gesicki v. Oswald, 336 F. Supp 371
   outside Library          we start a 395

By: Shaw Wood
Shawn Woodward

January 9th, 2009

Shawn Woodward 00A6563
C-14-15

Law Library

RE: Keeplock Request

The above person request the following:

1.) White envelopes        4
2.) brown envelope for mailing legal papers,        2
3.) N.Y.S. D.O.C.S Directive Index read pg 0000
4.) Wende's Policy and Procedure Index P+P 000
5.) Gesicki v. Oswald 336 F.Supp 371    Table of Contents
6.) Jackson v. Ward 458 F.Supp 546

JAN 1 1 2009

By: Shawn wbdwd
Shawn Woodward

Exhibit "E"

FORM 2168 (REV. 6/93)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
(XEROX LOCALLY AS NEEDED)

WENDE _____ CORRECTIONAL FACILITY

Check One      ☐ - ADMINISTRATIVE SEGREGATION RECOMMENDATION

               ☒ - INVOLUNTARY PROTECTIVE CUSTODY RECOMMENDATION

1. INMATE NAME  WOODWARD , SHAWN _____ DIN. 00A6563  CELL C-14-15

2. REASON FOR THIS RECOMMENDATION:

BASED ON INFORMATION RECIEVED, THE MUSLIM COMMUNITY IS GOING
TO MAKE A HIT ON INMATE WOODWARD. TO SECURE THE SAFE
OPERATION OF THE FACILITY IT IS MY OPINION INMATE WOODWARD
SHOULD BE PLACED UNDER IPC. STATUS AS HE DID NOT WISH TO
SIGN IN VOLUNTARILY

1/10/09  8:30/pm      S. Fallon          _____      LT.
Date / Time          Name of Person         Signature          Title
                     Making Recommendation

3. IS INMATE CONFINED PENDING A DETERMINATION ON THIS RECOMMENDATION? ☒ YES ☐ NO

4. IF YES,

   a. HOUSING UNIT OF PRESENT CONFINEMENT    C-14        CELL  15

   a. AUTHORIZED BY:   Lt. Son

NOTICE TO INMATE:  A hearing will be conducted within 14 days of this recommendation in accordance with the provisions
of Part 254 of Chapter V.  You will be entitled to call witnesses on your own behalf provided that doing so does not jeopardize
institutional safety or correctional goals.

If restricted pending a hearing on this recommendation you may write to the Deputy Superintendent for Security or his/her
designee prior to the hearing to make a statement on the need for continued confinement.

DISTRIBUTION:  ORIGINAL      -INMATE
               COPY          -DISCIPLINARY OFFICE

Exhibit - F
(Back and Front)

Removed from program as retaliation

6T6

1-29-09   WDE-30194-09

Shawn Woodward  00A6563
A-2-6

I.G.R.C

RE: Retaliation through job
removal

1.) On Jan 1st, 2009 I filed a grievance against four em-
ployees of the messhall for retaliation and assault.

2.) On Jan 8th, 2009 I received a Memo from Program
Committee advising me I had been removed from the messhall,
with no reason given. Upon further investigation this request came
8 days after I filed grievance # 30047-09 on these 4 employees
who worked the 3pm to 11 pm tour on 1-1-09 (i.e CO Camp,
C.O Hogan, CO Scissom and Sgt Lewalski) and in Action Requested
#4 I asked that I not be retaliated against by program removal.

3.) It appears that the Superintendent and Lt. Fallon either
are incompetent in their duties or simply don't care. Nevertheless
I request that this grievance be properly processed and investigated.

By: Shawn Woodward
Shawn Woodward

Response of IGRC: Upon review in that this matter has been investigated it has been
determined that a response from the captain pertaining to this grievance it
stated that grievant was removed from his program assignment in the messhall due
to his aggressive homosexual behavior. Because of this there is nothing that this
committee can do to assist grievant being that this is a security matter and
beyond the scope of this committee to ascertain.

Grievance denied.

Date Returned to Inmate _2/5/09_         IGRC Members 2) _H. Middlebrook_, CC

Chairperson _T. Give Benning_                     1) _W. Scott_ Sgt.

                                                  3)

Return within 7 calendar days and check appropriate boxes. *

[ ] I disagree with IGRC response and wish to          [ ] I have reviewed deadlocked responses.
    appeal to the Superintendent.                          Pass-Thru to Superintendent

[ ] I agree with the IGRC response and wish to         [ ] I apply to the IGP Supervisor for
    appeal to the Superintendent.                          review of dismissal

Signed _____
                Grievant                                  _____
                                                               Date

              _____
              Grievance Clerk's Receipt                   _____
                                                               Date

_____

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                    Date

Grievance forwarded to the Superintendent for action _____
                                                             Date

An exception to the time limit may be requested under Directive #4040, section 701.6(g).