Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
MAR 18 2010
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

09CV0451

All material filed in this Court is now available via the **INTERNET**. See Pro Se Privacy Notice for further information.

## 1. CAPTION OF ACTION   Second Amended Complaint

**A.** Full Name And Prisoner Number of Plaintiff: NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Shawn Woodward 00A6563
2. _____

-VS-

**B.** Full Name(s) of Defendant(s) NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Correctional Officer Mann
2. Sergeant Lewalski
3. Correctional Officer Camp
4. Correctional Officer Hojan
5. Correctional Officer Scism
6. Correctional Captin Keaney
7. Correctional Lieutenant S. Fallon
8. Correctional Officer B. Hunt

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Shawn Woodward 00A6563

Present Place of Confinement & Address: Southport Correctional Facility P.O. Box 2000, Pine City, N.Y. 14871

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

*Second Amended Complaint*

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: __Mann__

(If applicable) Official Position of Defendant: __Correctional Officer__

(If applicable) Defendant is Sued in __✓__ Individual and/or __✓__ Official Capacity

Address of Defendant: __Wende Correctional Facility__
__P.O. Box 1187     Alden, N.Y   14004__

Name of Defendant: __Lewalski__

(If applicable) Official Position of Defendant: __Correctional Sergeant__

(If applicable) Defendant is Sued in __✓__ Individual and/or __✓__ Official Capacity

Address of Defendant: __Wende Correctional Facility__
__P.O. Box 1187     Alden, N.Y   14004__

Name of Defendant: __Camp__

(If applicable) Official Position of Defendant: __Correctional Officer__

(If applicable) Defendant is Sued in __✓__ Individual and/or __✓__ Official Capacity

Address of Defendant: __Wende Correctional Facility__
__P.O. Box 1187     Alden, N.Y.   14004__

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
   Yes____   No __✓__

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): _____

   Defendant(s): _____

2. Court (if federal court, name the district; if state court, name the county): _____

3. Docket or Index Number: _____

4. Name of Judge to whom case was assigned: _____

Page Two

Second Amended Complaint

Page 2·A

Name of Defendant: Hojan
Official Position of Defendant: Correctional Officer
Defendant Sued in ✓ Individual and ✓ Official Capacitity
Address of Defendant: Wende Correctional Facility
P.O. Box 1187   Alden, N.Y 14004

Name of Defendant: Scissum
Official Position of Defendant: Correctional Officer
Defendant Sued in ✓ Individual and ✓ Official Capacity
Address of Defendant: Wende Correctional Facility
P.O. Box 1187   Alden, N.Y 14004

Disposition (check the statements which apply):

____ <u>Dismissed</u> (check the box which indicates why it was dismissed):

  ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

  ____ By court for failure to exhaust administrative remedies;

  ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

  ____ By court due to your voluntary withdrawal of claim;

____ <u>Judgment</u> upon motion or after trial entered for

  ____ plaintiff

  ____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

    Is it still pending? Yes____ No____

        If not, give the approximate date it was resolved._____

    Disposition (check the statements which apply):

    ____ Dismissed (check the box which indicates why it was dismissed):

        ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ____ By court for failure to exhaust administrative remedies;

        ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        ____ By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

        ____ plaintiff

        ____ defendant.

B. Have you begun **any other lawsuits in federal court** which **relate to your imprisonment**?

    Yes ✓   No ____

**If Yes, complete the next section.** NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s): Woodward

    Defendant(s): Beam, et al

2. District Court: Western

3. Docket Number: 07-CV-0645

4. Name of District or Magistrate Judge to whom case was assigned: District Judge Arcara and Magistrate Judge McCarthy

5. The approximate date the action was filed: October of 2007

6. What was the disposition of the case?

    Is it still pending? Yes____ No ✓

        If not, give the approximate date it was resolved. Settled (May of 2009)

Page 3

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

   Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

   Disposition (check the statements which apply):

   ____ Dismissed (check the box which indicates why it was dismissed):

   ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

   ____ By court for failure to exhaust administrative remedies;

   ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

   ____ By court due to your voluntary withdrawal of claim;

   ____ Judgment upon motion or after trial entered for

   ____ plaintiff

   ____ defendant.

B. Have you begun **any other lawsuits** in federal court which **relate to your imprisonment**?

   Yes ✓   No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): Woodward

   Defendant(s): Mullah, et al

2. District Court: Western District

3. Docket Number: 08-CV-0463

4. Name of District or Magistrate Judge to whom case was assigned: District Judge Arcara and Magistrate

5. The approximate date the action was filed: June of 2008

6. What was the disposition of the case?

   Is it still pending? Yes ✓   No____

   If not, give the approximate date it was resolved._____

Page 4

Second Amended Complaint

did the following to me (briefly state what each defendant named above did): into the messhall's hallway in the middle of plaintiff's messhall job duties, for a unwarranted patfrisk, while plaintiff hands were on the wall, defendant Sergeant ("Sgt") Lewalski who can seen the visiting area, pulled one of the officers to the side, wisphered some thing to him and then grabbed plaintiff by his neck, choked plaintiff and then punched plaintiff in the back of the head. Sgt Lewalski then threaten plaintiff with box/isolation placement and physical abuse if he told anyone, plaintiff was then placed on keeplock for 12 days before he knew why.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Retribution for the excessive of freedom of speech, excessive force/failure to protect; due process rights of confinement (Violation of 1, 8, 14 Amend)

The relief I am seeking for this claim is (briefly state the relief sought): $70,000.00 in punitive damages and $70,000.00 in compensatory damages

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes ___ No   If yes, what was the result? Grievances was denied and reasons for messhall removal are mention in Claim 3

Did you appeal that decision? ✓ Yes ___ No   If yes, what was the result? Same results

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ___

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

[crossed out]

Do you want a jury trial? Yes___ No___

Page: 6

Second Amended Complaint

**A. FIRST CLAIM:** On (date of the incident) _____,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____

did the following to me (briefly state what each defendant named above did): On 12-15-08 defendant Correctional Officer ("CO") Mann retaliated against plaintiff, after plaintiff filed 2 seperate grievances - one of being denied the right to attend religious service and the other on the lack of heat and employees smoking cigarettes inside - and helped another inmate prepare grievances against CO Mann, by moving plaintiff to a roach infested housing cell, where plaintiff was forced to sleep with the lights on, thus being subjected to sleep deprivation, having roaches living in plaintiff food items, clothes, and in and on plaintiff sleeping area.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Retaliation for Freedom of Speech (First Amendment Violation) and Cruel & Unusual Punishment (Eighth Amendment Violation)

The relief I am seeking for this claim is (briefly state the relief sought): $10,000.00 in punitive damages and $10,000.00 in compensatory damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes ___ No   If yes, what was the result? Claim was denied, but DOCS promised to have cell exterminated for roaches

Did you appeal that decision? ✓ Yes ___ No   If yes, what was the result? Same results

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

**A. SECOND CLAIM:** On (date of the incident) _____,
defendant (give the **name and position held** of **each defendant** involved in this incident) On January 1st, 2009 defendants CO's Camp, Hojan and Scissum - someless than two weeks after filing grievances on several employees in B-Block, etc - took plaintiff


Page 5

### Third Claim

On (date of the incident) On January 10th, 2009 - which was 10 days that plaintiff had been on Keeplock status from the incident alleged in claim two - defendant Correctional Lieutenant ("Lt") S. Fallon came to plaintiff's cell to interview plaintiff for his grievance on the defendants of claim two. Plaintiff also expressed his concerns for being on Keeplock for 10 days, with no misbehavior report and/or reason given to plaintiff or known to plaintiff. Other than plaintiff being placed on Keeplock by Sgt. Lewalski after plaintiff was assualted by Sgt. Lewalski. Lt. S. Fallon left plaintiff cell and on the sameday falsified a report recommending that plaintiff be placed in involuntary protective custody because my life was in danger.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: retaliation for the exercise of freedom of speech and due process deprivation (1st and 14th Amend Deprivation

The relief I am seeking for this claim is (briefly state the relief sought): $20,000.00 in compensatory damages and $20,000.00 in punitive damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes ___ No  If yes, what was the result? By the time I received a answer I was released from involuntary protective custody.

Did you appeal that decision? ✓ Yes ___ No  If yes, what was the result? Appeal as well as initial grievance was denied

Attach copies of any documents that indicate that you have exhausted this claim.

If you did not exhaust your administrative remedies, state why you did not do so: ___

### Fourth Claim

On (date of the incident) On January 12th, 2009 - because of defendant (give the **name and position held** of **each defendant** involved in this incident) Lt. S. Fallon's recommendation to have me placed in involuntary protective custody ("I.P.C.") - defendant Correctional Officer B. Hunt ("C.O. B. Hunt)

Page 7

Second Amended Complaint

did the following to me (briefly state what each defendant named above did): and Sergeant Barker came to plaintiff's cell to remove plaintiff from his cell and place plaintiff in E-Block where P.C./I.P.C. status inmates are confined. When C.O. B. Hunt arrived at plaintiff's cell C.O. B. Hunt stated "muslims wanna kill you cause of that homo shit huh." Then plaintiff was handcuffed and escorted to E-Block. Because of plaintiff's past grievances C.O. B. Hunt allowed those inmates who he has a personal relationship to steal $137.00 worth of personal property and then falsified reports on the matter.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Retaliation for the exercise of freedom of speech (First Amend Deprivation)

The relief I am seeking for this claim is (briefly state the relief sought): $20,000.00 in punitive damages and $20,000.00 in compensatory damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes ___ No   If yes, what was the result? Claim on property was denied as well as grievance

Did you appeal that decision? ✓ Yes ___ No   If yes, what was the result? Appeal was denied also

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ___

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

**6. RELIEF SOUGHT**

*Summarize the relief requested by you in each statement of claim above.*

(crossed out)

Do you want a jury trial? Yes ___ No ___

Page: 8

Second Amended Complaint

**Fifth Claim** ~~A. FIRST CLAIM:~~ On (date of the incident) Between January 8th, 2009 and January 11th, 2009 – after defendant (give the **name and position held** of **each defendant** involved in this incident) the January 1st, 2009 incident, the January 10th, 2009 interview of me by Lt. S. Fallon – defendant Correctional Captain ("Cpt") did the following to me (briefly state what each defendant named above did): Kearney removed plaintiff from his messhall job in retaliation for his grievances on employees of Wende Correctional Facility, specifically those employees of claim two. When plaintiff wrote to Deputy Supt. of Program Services Karen Crowley about the matter, my letter was answered by M. Szemplenski who stated that Cpt. Kearney removed me from the messhall for "...security reasons..." After I filed grievances on this matter, Cpt. Kearney circulated a response that I was removed for "...aggressive homosexual behavior..."

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Retaliation for freedom of speech ~~(a)~~ (First Amend Deprivation)

The relief I am seeking for this claim is (briefly state the relief sought): $20,000.00 in punitive damages and $20,000.00 in compensatory damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes ___ No   If yes, what was the result? Grievance was denied

Did you appeal that decision? ✓ Yes ___ No   If yes, what was the result? Appeal was denied

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

---

**A. SECOND CLAIM:** On (date of the incident) ~~[crossed out]~~
defendant (give the **name and position held** of **each defendant** involved in this incident) ~~[crossed out]~~

Page: 9

Second Amended Complaint

# Relief Sought

1.) Claim One: $10,000.00 in compensatory and $10,000.00 in punitive damages

2.) Claim Two: $70,000.00 in compensatory and $70,000.00 in punitive damages

3.) Claim Three: $20,000.00 in compensatory and $20,000.00 in punitive damages.

4.) Claim Four: $20,000.00 in compensatory and $20,000.00 in punitive damages.

5.) Claim Five: $20,000.00 in compensatory and $20,000.00 in punitive damages.

Do you want a jury trial? ✓ No

I declare under penalty of perjury that the foregoing is true and correct.

Executed On:
March 15th, 2010

By: _Shawn Woodward_
Shawn Woodward