UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

WOODWARD

                              Plaintiff,

vs.

LEWALSKI, et al.                            **Docket No. 09-CV-0451**

                              Defendants.
───────────────────────────────────────

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

                              ERIC T. SCHNEIDERMAN
                              Attorney General of the State of New York
                              Attorney for Defendants

                              GEORGE MICHAEL ZIMMERMANN
                              Assistant Attorney General of Counsel
                              Main Place Tower, Suite 300A
                              350 Main Street
                              Buffalo, NY 14202
                              (716) 853-8444
                              George.Zimmermann@ag.ny.gov

## PRELIMINARY STATEMENT

On April 4, 2011 (Doc. No. 11), defendants DENIS CAMP, MANN, HOJSAN, T. LEWALSKI, Q. SCISSUM, and S. FALLON, filed a motion to dismiss the Complaint in this matter. The plaintiff opposed the Motion (Doc. No. 14). On April 25, 2011, plaintiff filed a Motion for Default against all named defendants (Doc. No. 13). On August 17, 2011, Magistrate Judge McCarthy issued a Report and Recommendation ("R&R") which recommended denial of the plaintiff's Default Motion, and recommended that all but one of the Complaint's causes of action be dismissed, some with prejudice, and the others without with out prejudice to replead. On August 29, 2001, the plaintiff filed objections to the R&R, as to the Default Motion (Doc. No. 20). On September 8, 2011, the plaintiff filed objections to the R&R as to the Motion to Dismiss (Doc. No. 20). The defendants submit this Memorandum of Law in response to both objections to the R&R. The defendants submit that the Report and Recommendation of Magistrate Judge McCarthy should be adopted in full.

## PROCEDURAL HISTORY

The instant case was commenced on May 11, 2009, by the filing of a Complaint, by the plaintiff, *pro se* (Doc. No. 1) which was later amended by filing an Amended Complaint on February 19, 2010 (Doc. 7) and Second Amended Complaint on March 18, 2010 (Doc 10; hereinafter "Compl"). The plaintiff is an inmate in the custody of the New York Department of Correctional Services ("DOCS"). Compl. & 3, page 1. He brings the instant suit pursuant to 42 USC § 1983. Compl. ¶ 2, page 1. The Complaint alleges that the plaintiff was subject to various indignities by the defendants in this action, while an inmate at Wende Correctional Facility on December 15, 2008 and mostly during the month of January, 2009. Compl., pgs. 5 – 9, "first claim", "second claim", "third claim", "fourth claim" and "fifth claim".

## **RESPONSE TO OBJECTIONS**

## **STANDARD OF REVIEW-REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the standard of review of the portion of a Report and Recommendation to which objections have been filed is *de novo*. If a party fails to object to a portion of a Report and Recommendation, further review is generally precluded. See <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002), citing <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

## **Point I**

### **THE REPORT AND RECOMMENDATION CORRECTLY DENIED DEFAULT DUE TO LACK OF PERSONAL JURISDICTION**

The R&R recommended that the plaintiff's Motion for Default be denied, based on the plaintiff's failure to prove that the defendants were served with the Summons and Complaint (R&R pg. 3). The plaintiff's first Objections challenge this denial, and first assert that plaintiff should not be required to obtain personal jurisdiction over the defendants because he is a prison inmate and has been granted poor person status (Doc. No. 20, "1st Objections", ¶ 5[A]). Secondly, the plaintiff argues that the appearance of the moving defendants is proof that "defendants have been served" (*Id*). The plaintiff confuses the mailing of a Summons and Complaint to the defendants, along with a waiver of service, and actual service.

Under Federal Rules of Civil Procedure ("FRCP") 12 (a)(1)(A)(i) a "defendant must serve an answer within 20 days **after being served** with the summons and complaint" (emphasis added). FRCP 4 (l) (1) is clear that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." There is no exception for inmates or poor persons. In the case at bar, there is no proof that the defendants have been served, either by server's affidavit or proof from the

3

United State's Marshal's Office.

    Pursuant to FRCP 4, service may be made on an individual as follows:

> "(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>     (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>     (2) doing any of the following:
>         (A) delivering a copy of the summons and of the complaint to the individual personally;
>         (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>         (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Importantly, under the FRCP, the execution of a Statement of Service by Mail and Acknowledgement of Receipt by Mail is a "waiver" of service, it is not service. FRCP 4 (d). Therefore, the fact that defendants Denis Camp, S. Fallon, Hojsan, T. Lewalski, Mann, and Q. Scissum chose to appear in this matter, after receiving the summons and complaint in the mail (if they did in fact receive them), does not somehow convert the mailing of the summons and complaint into proper service.

    Since plaintiff has offered no proof that any of the defendants were served by any process described under FRCP 4 (e) (2), they could only have been served if they were properly served under state law, as provided for under FRCP 4 (e) (1). In this case, that would be the law of the State of New York. New York's Civil Procedure Law and Rules ("CPLR") does provide for service by first class mail "as an alternative to the methods of personal service", if the defendant completes a "statement of service by mail and acknowledgement of receipt". CPLR § 312-a (a). However there is no proof, or even allegation, anywhere in the Docket that any of the defendants

4

have completed such acknowledgement, State or Federal.

Since none of the defendants completed either a New York Statement of Service by Mail and Acknowledgement of Receipt, nor a Federal Statement of Service by Mail and Acknowledgement of Receipt by Mail, plaintiff has not shown that they were served, prior to the filing of their Motion to Dismiss. Judge Magistrate McCarthy therefore correctly determined that the plaintiff failed to show proof of service, and default was unavailable. The recommendation of Judge Magistrate McCarthy should therefore be adopted.

## Point II

**THE PLAINTIFF'S OBJECTIONS REGARDING THE DEFENDANTS' MOTION TO DISMISS WAS UNTIMELY AND SHOULD THEREFORE BE REJECTED**

The plaintiff's second Objection was filed on September 14, 2011 (Doc. No. 22, "2nd Objection). Pursuant to FRCP 72 (b), objections to a Magistrate's Report must be served and filed within fourteen days of being served with a copy of the Report. See also 28 U.S.C.A. § 636 (b)(1)(C). In the R&R itself, Judge Magistrate McCarthy directed the parties to file and serve any objection by September 5, 2011 (R&R, pg. 13). Fourteen days after the issuance of the R&R was August 31, 2011. With three days added for mailing, that would be September 3, 2011. FRCP 6 (d). Given that September 3, 2011, was a Saturday, the deadline for filing objections would be extended "until the end of the next day that is not a Saturday, Sunday, legal holiday". FRCP (a)(3). Since September 5, 2011, was Labor Day, a legal holiday, the deadline for filing objections to the R&R was September 6, 2011. The plaintiff was obviously aware of this deadline as he filed the 1st Objection on August 29, 2011. The plaintiff did not move for an extension of time to serve the 2nd Objection. Therefore, plaintiff has waived his right to any further review of the R&R. <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2nd Cir., 1983). The plaintiff should not be able to escape this rule simply because he is an inmate or *pro se*, as he

could have easily placed his objections concerning the defendants' Motion to Dismiss in the 1st Objection, which was timely filed. As he did not, the 2nd Objection should be disregarded by this Court.

Should the Court decided to consider the points made by plaintiff in the 2nd Objection, the moving defendants submit the remainder of this Memorandum in response to the 2nd Objection.

### Point III

### THE REPORT AND RECOMMENDATION CORRECTLY FOUND THAT PLAINTIFF'S ALLEGATIONS OF RETALIATORY CONDUCT BY DEFENDANT MANN WERE INSUFFICIENT TO SUPPORT A CONSTITUTIONAL VIOLATION

Judge Magistrate McCarthy found that the Complaint failed to establish a casual connection between the allegations of protected activity, and the alleged retaliatory conduct by defendant Mann (R&R, pg. 6). The R&R specifically concentrated on the lack of allegations as to the temporal proximity of the protected conduct to the retaliatory action, and the lack of allegations as to the defendant Mann's knowledge of the protected activity (*Id.*). Plaintiff argues that in his opposition to the Motion to Dismiss he submitted proof of such a connection (2nd Objection, ¶¶ 5 - 9). However, that is not the standard for a Motion to Dismiss. In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir.1998). The plaintiff can not rely on submissions outside of the Complaint. The argument that the plaintiff submitted materials outside of the pleadings does not help him defend the sufficiency of the pleading itself.

In any event, the R&R dismisses the first cause of action claims of retaliation, as to defendant Mann, without prejudice, with leave to replead (R&R, pg. 6). Clearly, the plaintiff did not submit sufficient allegations of retaliatory conduct by Mann in the Complaint, yet he has

6

been given an opportunity to correct those defects, if he can (which would be his Third Amended Complaint).  Therefore, the R&R should be adopted as to the first claims allegations of retaliatory conduct by defendant Mann.

**Point IV**

**THE REPORT AND RECOMMENDATION CORRECTLY FOUND THAT PLAINTIFF'S ALLEGATIONS OF RETALIATORY CONDUCT BY DEFENDANTS CAMP, HOJSAN, LEWALSKI AND SCISSUM WERE INSUFFICIENT TO SUPPORT A CONSTITUTIONAL VIOLATION**

The R&R also found that the Complaint failed to state a claim upon which relief could be granted as to the second cause of action alleging unconstitutional retaliation by defendants Camp, Hojsan, Lewalski and Scissum (R&R, pgs. 8 and 9).  Specifically, the R&R finds crucial the lack of any allegation that the defendants were subjects of the plaintiff's grievances, which he alleges is the activity which caused the defendants to retaliate against him, or were even aware of such activity (R&R pg. 9).  In the 2nd Objection, the plaintiff essentially concedes that he can not make such allegations (2nd Objection ¶ 11).  He does not even attempt to show how the allegations in the Complaint are sufficient to state a claim for a retaliation. (2nd Objection, ¶¶ 10 - 12).  A review of the Complaint finds that the plaintiff alleges that every act described under the second claim was the result of his filing grievances against several B-Block employees two weeks prior.  Compl. pg 5 and pg 6.  However, he utterly fails to establish that a causal connection exists and that the alleged acts attributed to defendants in the second cause of action, were in retaliation of the said grievances. *Id.*  The Complaint is wholly deficient in providing allegations that the complained of conduct was retaliatory, and therefore unconstitutional. Again, however, Judge Magistrate McCarthy has recommended that the plaintiff be allowed to replead the allegations, so he has an opportunity for a second bite of the apple (or fourth, given the prior amended pleadings).  The  recommendations of the R&R regarding the second claim of

the Complaint should be adopted by this Court.

## Point V

### THE REPORT AND RECOMMENDATION CORRECTLY FOUND THAT PLAINTIFF'S ALLEGATIONS REGARDING DENIAL OF DUE PROCESS WERE INSUFFICIENT

Finally, the plaintiff objects to that part of the R&R which recommends that the plaintiff's claims of denial of due process, regarding the twelve days of keep lock which the Complaint details (R&R pgs. 9 - 10, and 2nd Objection ¶¶ 13 - 14). The basis of this recommendation was the failure of the Complaint to allege that twelve days of keep lock constitutes a significant hardship, over and above the normal deprivations of prison life, and is therefore a deprivation of liberty sufficient to invoke the protection of the Due Process clause of the Fourteenth Amendment (R&R pg. 10). Plaintiff's objection simply asserts that there was a significant hardship, but does not dispute that the period of time was only twelve days (2nd Objection ¶ 14). This is simply insufficient to allege a deprivation of a liberty interest sufficient to invoke the due process clause.

While admittedly, the Second Circuit has "not established a bright-line rule as to how lengthy a SHU confinement will be considered atypical and significant," Sims v. Artuz, 230 F.3d 14, 23 (2d Cir.2000), Courts in this Circuit "generally require that the duration of confinement be at least 100 days" to be categorized as constituting an "atypical and significant hardship." Palmer v. Goss, No. 02 Civ 5804(HB), 2003 WL 22327110, at 6 (S.D.N.Y. Oct. 10, 2003), aff'd, Palmer v. Richards, 364 F.3d 60 (2d Cir. 2004); Smith v. Taylor, No. 03-0202, 2005 WL 2019547 (2d Cir. Aug. 23, 2005) (determining that 45 days disciplinary confinement in SHU, absent evidence of conditions more onerous than those generally present in the SHU, was insufficient to establish a protected property interest.); Durran v. Selsky, 251 F.Supp.2d 1208, 1214 (W.D.N.Y. 2003),

quoting, Tookes v. Artuz, No. 00CIV4969, 2002 WL 1484391, at 3 (S.D.N.Y. July 11, 2002) ("[c]ourts in this Circuit routinely hold that an inmate's confinement in special housing for 101 days or less, absent additional egregious circumstances, does not implicate a liberty interest."). Given this body of case law, the plaintiff's allegations of twelve days of keep lock are insufficient to state a cause of action for deprivation of due process. The R&R's recommendation that the due process cause of action be dismissed should be adopted by this Court.

## Conclusion

Based on the foregoing, defendants Camp, Fallon, Hojsan, Lewalski, Mann, and Scissum submit that the Report and Recommendation of Judge Magistrate McCarthy be adopted in full.

Dated: September 14, 2011
       Buffalo, New York

              ERIC T. SCHNEIDERMAN
              Attorney General of the State of New York
              Attorney for Defendants
              BY:

              /s/ George Michael Zimmermann
              GEORGE MICHAEL ZIMMERMANN
              Assistant Attorney General of Counsel
              Main Place Tower, Suite 300A
              350 Main Street
              Buffalo, NY 14202
              (716) 853-8444
              George.Zimmermann@ag.ny.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on September 15, 2011, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

**NONE**

  And, I hereby certify that on September 14, 2011 I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

Sean Woodward (00-A-6563)
Clinton Correctional Facility
Box 2001
Dannemora, NY 12929


   /s/ George Michael Zimmermann
GEORGE MICHAEL ZIMMERMANN
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmermann@ag.ny.gov