UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

SHAWN WOODWARD, 00-A-6563,

        Plaintiff,

-vs-

CORRECTIONAL OFFICER MANN, et. al.,

                                       **Docket No. 09-CV-0451**

        Defendants.
───────────────────────────────

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' OBJECTIONS
TO THE REPORT & RECOMMENDATION REGARDING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

                                  ERIC T. SCHNEIDERMAN
                                  Attorney General of the State of New York
                                  Attorney for Defendants
                                  BY: GEORGE MICHAEL ZIMMERMANN
                                  Assistant Attorney General of Counsel
                                  Main Place Tower, Suite 300A
                                  350 Main Street
                                  Buffalo, NY 14202
                                  (716) 853-8444
                                  George.Zimmermann@ag.ny.gov

**PRELIMINARY STATEMENT**

Defendants Fallon, Lewalski, and Mann (hereinafter "defendants") submit the following brief in reply to plaintiff's Response to their Objections to the Report and Recommendation ("R&R") of Magistrate Judge Jeremiah J. McCarthy, in which he recommended that only the claims against defendants Camp, Hojsan, Scissum be dismissed, along with all official capacity claims against the remaining defendants.

**Argument**

**PLAINTIFF HAS FAILED TO REBUT DEFENDANTS' ASSERTION THAT THERE ARE NO MATERIAL QUESTIONS OF FACT AS TO PLAINTIFF'S RETALIATION CLAIMS AND THEY ARE ENTITLED TO JUDGMENT ON THE LAW**

Plaintiff's response to defendants' Objections, and in fact his response to the defendants' Summary Judgment Motion, is that the retaliation could have occurred, and therefore he is entitled to a trial on these alleged questions of fact. However, while the defendants have come forward with admissible evidence demonstrating that there are no material questions of fact, plaintiff's offers only possibilities. Plaintiff offers amounts to mere conjecture and supposition, which is not sufficient to defeat summary judgment. "[B]ald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment." Labounty v. Johnson, 253 F. Supp. 2d 496, 498 (W.D.N.Y. 2003); see also Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir.1991). For these reasons and those that follow, the Court should decline to follow the R&R, should grant Summary Judgment as requested by defendants.

A. Office Mann

Initially, the Court should note plaintiff's rather bizarre statement in his Response to Defendants' Objections that "Defendants state that the 'entire basis of plaintiff's retaliation

2

claim' is that Defendant Mann informed Mr. Woodward he was being transferred to the roachinfested cell. That is a blatant falsehood." (Doc. No. 120, Pg. 4).  This assertion is not only mistaken and improper, but it also ignores the next sentence in defendants' Objections which states **"**There is no other piece of evidence connecting defendant Mann to plaintiff's cell transfer. Not one." (Doc. No. 118, pg. 4).  What is more confounding is that in the following pages the plaintiff fails to identify any other piece of evidence that would allow a jury to conclude that Officer Mann had any involvement in transferring the plaintiff's cell.  Plaintiff's entire argument on this point is what the defendants did not say, while ignoring the fact that plaintiff has not come forward with a any evidence that Mann was involved in the plaintiff's cell transfer.

Further, defendants do not rely solely on Mann's "inability to personally obtain a transfer". <u>Plaintiff's Response</u> pg. 5.  Defendant Mann's Motion was premised in the first instance on the complete lack of evidence connecting him to the plaintiff's cell transfer (Defendants Memorandum of Law, Doc. No. 94-2, pgs. 5 – 6).

By saying that defendants' position this is a "blatant falsehood" (an accusation both baseless and unprofessional) plaintiff's counsel misapprehends the issue at hand.  The question is whether there is a material question of fact to be presented to the jury.  This is a question of fact, not opinion.  The only evidence of any personal involvement in the plaintiff's transfer, a requirement of a § 1983 claim, is that defendant Mann informed Mr. Woodward he was being transferred.  The other facts cited by plaintiff, are either evidence of a different part of the retaliation test or pure speculation.

For instance, the fact that the plaintiff filed grievances, none of which named defendant Mann, is certainly some evidence of protected activity.  What it is not is evidence of Mann's

3

involvement in plaintiff's cell transfer. It is well established that for a plaintiff to succeed in his retaliation claim, he must show that 1) the conduct cited as the cause for retaliation is protected; 2) the defendant took adverse action against the plaintiff; and 3) there was a causal connection between the protected conduct and the adverse action. <u>Brewer v. Kamas</u>, 533 F.Supp.2d 318, 328 (W.D.N.Y., 2008) citing <u>Davis v. Goord</u>, 320 F.3d 346, 352 (2d Cir. 2003). While the plaintiff may have put forward evidence of protected activity, the only evidence he can offer that Mann took adverse action (i.e. moving the plaintiff to a new cell) is that Mann informed him of the cell move.

On the other hand, the assertion that Mann "could have" requested that his superiors transfer the plaintiff's cell is rank speculation. <u>Plaintiff's Response</u> pgs. 5 - 6. "Could have" is not evidence and does not allow a jury to conclude that something occurred for which there is no evidence. Given the uncontradicted evidence that Mann did not, and could not, initiate the cell move, there is no evidence of adverse action on the part of Mann. None. Not one scintilla. Plaintiff's assertion that Mann "could have" been involved does not create a material question of fact, and baseless accusations of personal dishonesty do not add any credibility to this incorrect position.

B. <u>Sgt. Lewalski</u>

With regard to Sgt. Lewalski, plaintiff again argues that the defendants "misrepresent… the state of the record", his second baseless and unprofessional attack on the undersigned's integrity. More to the point, however, the plaintiff fails to contradict the defendants' portrayal of the record. Plaintiff denies the defendants' assertion that they have offered uncontested evidence of a non-retaliatory motive for Lt. Lewalski placing plaintiff in keeplock. He then fails to

contradict defendants' assertions[1]. Plaintiff offers no evidence to refute defendant Lewalski's statement that he keeplocked plaintiff to investigate the tip conveyed to him by officer Nigro. Plaintiff offers no evidence to contradict the fact that Officer Nigro received such tip. Plaintiff offers no evidence to contradict the fact that Officer Nigro conveyed that tip to Sgt. Lewalski. Further, despite his attempts to do so, plaintiff cannot say that an investigation was not conducted. He can only say that his cell was not searched. That does not contradict the fact that the plaintiff was placed in keeplock so an investigation could be conducted, and it does not create a question of fact to send this matter to the jury.

  C. <u>Lt. Fallon</u>

Plaintiff's position with regard to the actions of Lt. Fallon is equally meritless. Plaintiff asserts that because Lt. Fallon was investigating a grievance which listed his prior grievances, this is evidence of retaliatory motive on Fallon's behalf. This argument is absurd on its face. If accepted by this Court, this assertion would put at risk of liability every supervisor investigating an inmate's claim of retaliation. Since he or she could be accused of knowing about an inmate's prior protected activity, any actions he or she took in the future could be labeled retaliation. It is for reasons such as these that the Second Circuit warns Courts to examine inmate retaliation claims with "skepticism and particular care". <u>Colon v. Coughlin</u>, 58 F.3d 865, 872 (2d Cir.1995).

When the instant plaintiff's claims of retaliation by Lt. Fallon are examined with such care and skepticism, they fall to the wayside. The uncontested record shows that Lt. Fallon interviewed the plaintiff on January 10, 2009 (Defendants' Statement of Undisputed Facts

---

[1] Plaintiff appears to believe that defendants' have argued that his statements regarding the search of his cell are not admissible. This is incorrect. Defendants argued that plaintiff failed to offer admissible evidence contradicting the fact that Office Nigro received a tip that plaintiff possessed a weapon and then conveyed that tip to Lt. Lewalski (Defendants' Objections, Doc. No. 118, pg. 6).

5

Case 1:09-cv-00451-RJA-JJM   Document 121   Filed 06/27/13   Page 6 of 8

[hereinafter "SOF"], Doc. No. 94-1, ¶¶ 108 – 115). During this interview, the plaintiff complained that he had been keeplocked since January 1. SOF ¶ 111. Following this interview, Fallon was provided with information from a Capt. Kearney that there were threats against the plaintiff from members of the Muslim community. SOF ¶¶ 123 – 126. Kearney's statements, at least in part, appear to have been based on communications from the Muslim Chaplin prior to Fallon's interview of the plaintiff. SOF ¶ 124. It was Kearney, and not Fallon, who had ordered "no programs" for the plaintiff prior to Fallon's interview of the plaintiff. SOF ¶¶ 101 - 102. Fallon then authored an Involuntary Protective Custody ("IPC") recommendation, at Kearney's direction. SOF ¶¶ 131 – 132. There is no material question of fact regarding any of the above and all are strong evidence that Lt. Fallon had no retaliatory animus against the plaintiff, but was only acting to protect the plaintiff, based on information from a superior officer. In fact, the only proof of Lt. Fallon's retaliation in the record is the plaintiff's bald assertion of retaliation, wholly unsupported by any evidence. Once again plaintiff attempts to defeat Summary Judgment with what if's and could have beens.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the defendants' Objections and original Motion papers (Doc. Nos. 105 - 120, 133 – 134, and 118), the Court should dismiss the claims of retaliation against Fallon, Lewalski, and Mann.

DATED:   Buffalo, New York
         June 27, 2013

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the State of New York
                                        Attorney for Defendants
                                        BY:


                                        /s/ George Michael Zimmermann
                                        GEORGE MICHAEL ZIMMERMANN
                                        Assistant Attorney General of Counsel
                                        Main Place Tower, Suite 300A
                                        350 Main Street
                                        Buffalo, NY 14202
                                        (716) 853-8444
                                        George.Zimmermann@ag.ny.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on June 27, 2013, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Matthew Parham, Esq.
Western New York Law Center, Inc.
Main Seneca Building
237 Main Street, Suite 1130
Buffalo, NY 14203
716-855-0203
mparham@wnylc.com

  And, I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

**none**

            /s/ *George Michael Zimmermann*
            GEORGE MICHAEL ZIMMERMANN
            Assistant Attorney General of Counsel
            Main Place Tower, Suite 300A
            350 Main Street
            Buffalo, NY 14202
            (716) 853-8444
            George.Zimmermann@ag.ny.gov