UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN WOODWARD, 00-A-6563,

|                    |               |
|--------------------|---------------|
|                    | Plaintiff,    |
| -against-          |               |
| CORRECTIONAL OFFICER MANN, et al., | |
|                    | Defendants.   |

**STIPULATION OF
SETTLEMENT AND
DISCONTINUANCE
PURSUANT TO
RULE 41(A)**

**Civil Action No. 09-CV-0451**

WHEREAS, the parties hereto have agreed to settle this action pursuant to the provisions of Rule 41(a) of the Federal Rules of Civil Procedure; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the above-entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

WHEREAS, the Department of Corrections and Community Supervision (hereinafter "DOCCS"), as the Department having supervision of STEVEN FALLON, TIMOTHY LEWALSKI, and M. MANN alleged to have caused the injuries herein, have approved the settlement of this action under the terms and conditions set forth below; and

WHEREAS, defendants STEVEN FALLON, TIMOTHY LEWALSKI, and M. MANN do not admit any wrongdoing but approve settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this action; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all of the parties in the above-entitled action as follows:

1.      That no person not a party has an interest in the subject matter, the above-entitled action be, and the same hereby is, settled upon payment of the sum of six thousand three hundred and fifty dollars ($6,350.00), discontinued with prejudice as to defendants STEVEN FALLON, TIMOTHY LEWALSKI, and M. MANN.  Payment shall be made by check payable to plaintiff and delivered to the correctional facility in which plaintiff is incarcerated, for deposit in his inmate facility/departmental account.

2.      In consideration of the payment of the sum set forth in paragraph 1, the plaintiff hereby releases the defendants and any and all current of former employees of the DOCCS, in his/her/their individual and official capacities, and their heirs, executors, administrators and assigns and the State of New York and the DOCCS, from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the complaint in the above-entitled action, including but not limited to claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability.

3.      In further consideration of the payment of the sum set forth in paragraph 1, plaintiff hereby waives, releases and forever discharges defendants and any and all current of former employees of the DOCCS, in their individual and official capacities, and their heirs, executors, administrators and assigns and the State of New York and the DOCCS, from any and all claims, known or unknown, arising out of the plaintiff's Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate

2

reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the
Medicare, Medicaid and SCHIP Extension Act of 2007.

      4.     In further consideration of the payment of the sum set forth in paragraph 1, the
plaintiff agrees to execute stipulations discontinuing the pending cases known as <u>Woodward vs.
Watkins, et al</u>, WDNY 12-CV-0956 and <u>Woodward vs. Tillinghast, et al</u>, WDNY 12-CV-0961,
with prejudice, and hereby releases all of the defendants in those cases, as well as any and all
current of former employees of the DOCCS, in their individual and official capacities, and their
heirs, executors, administrators and assigns, the State of New York and DOCCS, from any and
all liability regarding the events and allegations with which those cases are concerned.

      5.     That payment of the sum set forth in paragraph 1 is subject to the approvals of all
appropriate State officials in accordance with the provisions for indemnification under Public
Officers Law Section 17.  Plaintiff and plaintiff's counsel agree to execute and deliver to counsel
for defendants all necessary or appropriate vouchers and other documents requested with respect
to such payment.

      6.     That payment of the amounts referenced in paragraph 1 will be made within one
hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court
and receipt by defendants' counsel of a copy of the so-ordered stipulation along with any further
documentation as required under paragraphs 12 and 13 hereof, unless the provisions of
Executive Law § 632-a apply to the plaintiff(s) and the payment hereunder constitutes "funds of
a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty
(120) day payment period shall be extended by an additional thirty (30) days to allow for
compliance with that law.

7.     That in the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff.

8.     That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

9.     That nothing contained herein shall constitute an admission by STEVEN FALLON, TIMOTHY LEWALSKI, and M. MANN, individually or in their official capacity, that deprived the plaintiff, SHAWN WOODWARD, of any right, or of failing to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

10.    That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement and Discontinuance.

11.    I, the attorney, for the plaintiff does hereby release and waive our lien for services upon the above-named plaintiff's causes of action, claim, verdict, report, judgment, determination, or settlement in favor of said plaintiff which I have thereon under and by virtue of Section 475 of the Judiciary Law or otherwise.

4

12.   I, the attorney for the plaintiff, does further represent that there are no other attorneys having a lien for services rendered to plaintiff pursuant to the provisions of Section 475 of the Judiciary Law or otherwise.

13.   Plaintiff represents and warrants that he, is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he/she/they does not expect to be a Medicare recipient within the next 30 months.

14.   That plaintiff agrees that STEVEN FALLON, TIMOTHY LEWALSKI, and M. MANN, the DOCCS and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that both plaintiff SHAWN WOODWARD and his attorney agree that they will defend, indemnify and hold harmless STEVEN FALLON, TIMOTHY LEWALSKI, and M. MANN, DOCCS, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

15.   In confirmation of the agreement herein, the undersigned attorneys for the parties to this action set their signatures below.

Dated: Buffalo, New York
       October 31, 2013

                              Western New York Law Center, Inc.
                              *Attorneys for the Plaintiff*

                              By: _____
                              Matthew Parham, Esq.
                              Main Seneca Building
                              237 Main Street, Suite 1130
                              Buffalo, NY 14203
                              716-855-0203
                              mparham@wnylc.com

Dated: West Coxsackie, New York
     October 23, 2013

Shawn Woodward

Sworn to before me this
23rd day of October, 2013

Notary Public

ROBERT T. ABRAMS
Notary Public, State of New York
Qual. In Chemung Co. No. 01AB14804
Commission Expires August 10, 20 16

Dated: Buffalo, New York
     ~~October~~ 3 2013
     December

ERIC T. SCHNEIDERMAN
Attorney General of the
  State of New York
*Attorney for the Defendants*

By:
GEORGE MICHAEL ZIMMERMANN
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmermann@ag.ny.gov

SO ORDERED:

Hon. Jeremiah J. McCarthy
United States Magistrate Judge

6